J. SCOTT MOEDE, OSB 934816
Chief Deputy City Attorney
scott.moede@portlandoregon.gov
NAOMI SHEFFIELD, OSB 170601
Deputy City Attorney
naomi.sheffield@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| DON'T SHOOT PORTLAND, a nonprofit corporation, in its individual capacity, NICHOLAS J. ROBERTS, in an individual capacity and on behalf of themselves and all others similarly situated, MICHELLE "MISHA" BELDEN, in an individual capacity and on behalf of themselves and all others similarly situated,<br><br>    **PLAINTIFFS,**<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation**,**<br><br>    **DEFENDANT.** | 3:20-cv-00917-HZ<br><br>**MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER AND SETTING OF PRELIMINARY INJUNCTION HEARING** |

## CERTIFICATE PURSUANT TO LOCAL RULE 7-1

Counsel for defendant certifies that counsel for defendant emailed counsel for plaintiffs on June 12, 2020 and counsel for plaintiffs indicated on a telephone conference with the Court on June 12, 2020 that the issue cannot be resolved.

Page 1 –   MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER AND SETTING OF PRELIMINARY INJUNCTION HEARING

## MOTION

Defendant City of Portland ("City") moves the Court to extend the temporary restraining order (Dkt. 29 ("Order")) for an additional thirty-one days up to and including Friday, July 24, 2020 pursuant to Fed. Rule Civ. Pro. 65(2). The City moves that the hearing for plaintiff's motion for preliminary injunction be scheduled during the week beginning Monday, July 20, 2020.

## MEMORANDUM IN SUPPORT

On June 5, 2020, plaintiffs filed their Complaint (Dkt. 1) and Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 2 ("Plaintiffs' Motion")). The City has not been formally served with plaintiffs' Complaint. The City filed its Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction on June 9, 2020 (Dkt. 17). On June 9, 2020, the Court held the hearing on Plaintiffs' TRO ("Hearing") and issued a temporary restraining order regarding the City's use of "tear gas." (Dkt. 29 ("Order"). On June 11, 2020, the City sought clarification regarding the scope of the Order, and the Court held a telephone conference to clarify the scope on June 12, 2020 ("June 12 Conference").

The Federal Rules provide that a temporary restraining order may be extended beyond 14 days if "the adverse party consents to a longer extension." (Fed. R. Civ. Pro 65(2)). The City, as the adverse party, files this motion requesting an extension of the Order and the setting of the preliminary injunction hearing in July to adequately respond to the allegations in the Complaint. First, to adequately address plaintiffs' request for a preliminary injunction, the City needs a limited opportunity to understand plaintiffs' allegations and the relief sought. In the Complaint, plaintiffs ask the Court to "prohibit[] the City of Portland from using tear gas as a crowd control measure." (Compl. at 16-17). In the Motion:

> Plaintiffs seek issuance of a temporary restraining order to enjoin
> Defendants from using tear gas and smoke as crowd control tactics
> at protests. Plaintiffs further ask the Court to require Defendants to

Page 2 –    MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER AND
SETTING OF PRELIMINARY INJUNCTION HEARING

immediate implement new procedures and policies for the use of crowd control munitions that will bring Portland Police Bureau ("PPB") in compliance with the standards of the Fourth Amendment."

(Pls.' Motion at 2). At the Hearing, plaintiffs' counsel represented that a complete ban on tear gas may have been broader relief than plaintiffs intended. Further, in the June 12 Conference, plaintiffs' counsel indicated that they intended the relief to include not just canisters of tear gas, but also handheld OC (typically referred to as "pepper spray") and direct impact munitions (FN303s and 40MM direct impact munitions) that contain OC. An opportunity for plaintiffs to amend their complaint or additional conferral between the parties would assist the City in properly addressing plaintiffs' claims and requested relief.

Additionally, at this time, PPB's rapid response team, which responds to crowd management and crowd control events, remains engaged nightly in response to protests in Portland. The City is working to gather police reports, after-action reports, and activity logs that will provide information about each alleged use of force set forth in plaintiffs' Complaint and declarations in support of their Motion. The City is also working to identify and contact each officer that deployed "tear gas," as well as officers who may have deployed other OC-containing munitions that plaintiffs have indicated that they intended the Complaint to cover. Finally, there were numerous other law enforcement agencies, including the Multnomah County Sheriff's Office and Oregon State Police that participated in response to the protests over the last two weeks. The City is trying to obtain relevant information from these other agencies.

In short, the City is working diligently to both understand plaintiffs' claims and requested relief and gather the evidence necessary to respond. The Court noted in its Order that "Defendant has not submitted sufficient evidence to show that [Mayor Wheeler's guidance on tear gas] will be effective in preventing its use against peaceful protestors in violation of the First and Fourth Amendment." (Order at 9). The Order also discusses factual contentions by plaintiffs and plaintiffs' declarants that PPB used tear gas without warning or provocation, that crowds were

left without an escape route, and that tear gas was used against protestors attempting to comply with orders. (Order at 3). The City seeks this extension of time to address each of plaintiffs' alleged violations and demonstrate PPB's compliance with Mayor Wheeler's guidance and PPB's Directives. The Order would remain in place during the extension, and PPB would remain constrained by the requirements of the Order. Therefore, the City does not believe this extension would result in any harm to plaintiffs. However, the importance of having all relevant evidence available to present the Court at a preliminary injunction hearing outweighs any potential harm from delay.

Dated: June 12, 2020

Respectfully submitted,

*/s/ Naomi Sheffield*
NAOMI SHEFFIELD
OSB # 170601
Deputy City Attorney
Telephone: (503) 823-4047