J. SCOTT MOEDE, OSB 934816
Chief Deputy City Attorney
scott.moede@portlandoregon.gov
NAOMI SHEFFIELD, OSB 170601
Deputy City Attorney
naomi.sheffield@portlandoregon.gov
ROBERT YAMACHIKA, OSB 065560
Senior Deputy City Attorney
rob.yamachika@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DON'T SHOOT PORTLAND, a nonprofit corporation, in its individual capacity, NICHOLAS J. ROBERTS, in an individual capacity and on behalf of themselves and all others similarly situated, MICHELLE "MISHA" BELDEN, in an individual capacity and on behalf of themselves and all others similarly situated, ALEXANDRA JOHNSON, in an individual capacity and on behalf of themselves and all others similarly situated,<br><br>**PLAINTIFFS,**<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation**,** and MULTNOMAH COUNTY, a political subdivision of the State,<br><br>**DEFENDANTS.** | 3:20-cv-00917-HZ<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT CITY OF PORTLAND** |

Page  1 –    STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT CITY OF PORTLAND

Plaintiffs and the City of Portland have requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The plaintiffs and the City of Portland agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns the actions taken by Portland Police Bureau ("PPB") officers in responses to protests occurring in Portland, Oregon from May 29, 2020 through June 20, 2020 (the "Protests"). The plaintiffs and City of Portland expect to exchange documents and information relating to:

a) Documents from the City's Police Bureau's Internal Affairs Division ("IAD");

b) Documents from the City Auditor's Independent Police Review Division ("IPR");

c) Photographs and video related to the Protests that are the subject of this lawsuit which may implicate officer safety;

d) Training materials maintained by the Portland Police Bureau Training Division, including any training materials specific to a particular Officer;

e) Police reports and/or documents maintained by the Portland Police Bureau referencing medical and/or other personal confidential information of non-parties to this action;

f) Police reports and/or documents maintained by the Portland Police Bureau describing tactical and strategic decisions related to crowd management and crowd control, including Incident Action Plans;

g) Personal Identifiable Information, as well as other personal and private information of individuals in attendance at the Protests, including potential

    witnesses to the events that are the subject of this lawsuit; and

    h) Portland Police officer's personnel files.

  The plaintiffs and City of Portland agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

  Based upon the above stipulation of the plaintiffs and City of Portland, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

  1. All documents, testimony, and other materials produced by the plaintiffs and City of Portland in this case and labeled "Confidential" shall be used only in this proceeding.

  2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by plaintiffs and the City of Portland for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

  3. The plaintiffs and City of Portland, and third parties subpoenaed by plaintiffs and the City of Portland, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

  4. If portions of documents or other materials deemed "Confidential" or any

Page 3 – STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT CITY OF PORTLAND

papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If plaintiffs or the City of Portland is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating plaintiffs or City of Portland is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non- designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any plaintiff or City of Portland witness or other witness in this case, plaintiffs or City of Portland or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs,

Page  4  –    STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT CITY OF PORTLAND

etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for plaintiffs and City of Portland, and the administrative staff of outside counsel's firms.

b. In-house counsel for plaintiffs and City of Portland, and the administrative staff for each in-house counsel.

c. Any plaintiff and City of Portland, including a person who is an individual, and every employee, director, officer, or manager of plaintiffs and City of Portland who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by plaintiffs and City of Portland or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the plaintiffs and City of Portland in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the plaintiffs and City of Portland during the litigation of this action.

Page 5 –   STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT CITY OF PORTLAND

      f.      The authors and the original recipients of the documents.

      g.      Any court reporter or videographer reporting a deposition.

      h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by plaintiffs and City of Portland during the litigation of this action.

8.      Prior to being shown any documents produced by plaintiffs and city of Portland marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9.      Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by plaintiffs and City of Portland or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

10.      Both plaintiffs and City of Portland reserve the right to dispute the confidential status claimed by plaintiffs and City of Portland or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the

Page  6  –    STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT
                       CITY OF PORTLAND

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either plaintiffs or City of Portland of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither plaintiffs or City of Portland may introduce into evidence in any proceeding between plaintiffs and City of Portland, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

13. Upon the request of the producing plaintiff or City of Portland or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between plaintiffs and City of Portland to resolve amicably and settle this case, the plaintiffs and City of Portland and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked

Page  7  –    STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS AND DEFENDANT
              CITY OF PORTLAND

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

"Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| | |
|---|---|
| */s/ J. Ashlee Albies* | */s/ J. Scott Moede* |
| J. Ashlee Albies, Franz Bruggemeier, Juan C. Chavez, Alex Meggitt, Jesse Alan Merrithew, Brittney Plesser, Viktoria Safarian and Whitney Stark | J. Scott Moede Naomi Sheffield Robert Yamachika |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant City of Portland* |

///

///

///

///

///

///

///

///

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order Between Plaintiffs and the City of Portland and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order Between Plaintiffs and the City of Portland in this action.

**IT IS SO ORDERED**.

DATED: _____July 6, 2020_____.

_____Marco Hernández_____
MARCO A. HERNÁNDEZ
United States District Judge

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ in _____ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date