IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DON'T SHOOT PORTLAND, a nonprofit corporation, in its individual capacity; NICHOLAS J. ROBERTS, in an individual capacity and on behalf of themselves and all others similarly situated; MICHELLE "MISHA" BELDEN, in an individual capacity and on behalf of themselves and all others similarly situated; and ALEXANDRA JOHNSON, in an individual capacity and on behalf of themselves and all others similarly situated, | No. 3:20-cv-00917-HZ  OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| CITY OF PORTLAND and MULTNOMAH COUNTY, | |
| Defendants. | |

Jesse Merrithew
Viktoria Safarian
LEVI MERRITHEW HORST PC
610 SW Alder Street, Suite 415
Portland, OR 97205

Juan Chavez
Brittney Plesser
Alexander Meggitt
Franz H. Bruggemeier
OREGON JUSTICE RESOURCE CENTER
PO Box 5248
Portland, OR 97208

Jessica Ashlee Albies
Whitney B. Stark
Maya Rinta
ALBIES & STARK LLC
1 SW Columbia Street, Suite 1850
Portland, OR 97204

       Attorneys for Plaintiffs

J. Scott Moede
Naomi Sheffield
Robert T. Yamachika
PORTLAND CITY ATTORNEY'S OFFICE
1221 SW Fourth Avenue, Room 430
Portland, OR 97204

       Attorneys for Defendant City of Portland

HERNÁNDEZ, District Judge:

On November 27, 2020, this Court granted Plaintiffs' Amended Motion for Contempt and found Defendant City of Portland ("Defendant") in violation of this Court's June 26, 2020 Stipulated Additional Temporary Restraining Order (the "Order"). Opinion & Order, ECF 204. Presently before the Court is the question of the appropriate sanctions for the contempt. The parties have provided briefing on this issue, and the Court held hearings on January 13 and February 9, 2021. Joint Resp., ECF 208; Hr'g Mins, ECF 211, 219; Pls. Resp., ECF 217; Def. Resp., ECF 216. The Court finds that coercive sanctions are appropriate in this case.

///

///

2 – OPINION & ORDER

**STANDARDS**

The court has the inherent power to enforce compliance with its orders, but its authority to punish contempt is defined by federal statute:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Section 401 applies to both civil and criminal contempt. *United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980). Section 401 "contains no limitation on the power of the district court to impose fine or imprisonment for a violation." *Id*. The trial court's decision is "reviewed for an abuse of discretion in setting punishment." *Id*.

Whether a contempt is civil or criminal depends on the "character and purpose" of the sanction. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). The question is: "what does the court primarily seek to accomplish by imposing [the sanction]?" *Id*. (alteration in original) (quoting *Shillitani v. United States*, 384 U.S. 364, 369 (1966)). Criminal contempt is intended to punish past defiance of the court's authority and vindicate the court. *Id*. Civil contempt is designed to compel obedience or compensate the contemnor's adversary for their injuries. *Id*. Contempt is "plainly civil in nature when the sanction imposed is wholly remedial, serves only the purpose of the complainant, and is not intended as a deterrent to offenses against the public." *Id*.

///

///

**DISCUSSION**

The parties have agreed to Defendant's proposed sanctions, which include a training for Portland Police Bureau ("PPB") Rapid Response Team ("RRT") grenadiers and supervisors, removal of Officer Brent Taylor from crowd control events pending an internal investigation, circulation of the Court's orders to all PPB officers, and a training for all PPB officers by the end of this year. Joint Resp. 3. The parties disagree, however, as to the additional sanctions proposed by Plaintiffs and this Court. Defendant objects to the proposed sanctions, primarily arguing that they are punitive—and not coercive—because they do not provide Defendant with an opportunity to purge itself of the contempt and avoid the sanction. Def. Resp. 2–3.

The "character and purpose" of a sanction determines whether it is criminal or civil. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827 (1994). "The purpose of civil contempt is coercive or compensatory[.]" *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008). The Ninth Circuit has held that "[t]he ability to purge is perhaps the most definitive characteristic of coercive civil contempt." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016); *see also Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 518 (9th Cir. 1992) (modifying the district court's order so that the sanction was in effect only "until [the contemnor] . . . demonstrate[d] to the satisfaction of the court that they are able to and will comply with the provisions of the June 1987 Order."); *Lance v. Plummer*, 353 F.2d 585, 591–92 (5th Cir. 1965) (noting "civil contempt proceedings must always give the alleged contemnor the opportunity to bring himself into compliance" and modifying the district court's order to provide that the sanction would last only until the contemnor "satisfi[ed] the trial court that he was no longer in violation of the injunctive order and that he would in good faith thereafter comply with the terms of the order").

4 – OPINION & ORDER

After reviewing the briefing from the parties, the Court declines to order the additional sanctions proposed by Plaintiffs and discussed with the parties at the hearings. Because the proposed sanctions do not provide Defendant with an opportunity to purge the contempt, the proposed sanctions are not appropriate civil contempt sanctions. *See Black Lives Matter Seattle-King County v. City of Seattle*, 2:20-cv-00887-RAJ, 2021 WL 289334, at *6 (W.D. Wash. Jan. 28, 2021) (denying the plaintiff's proposed sanctions "because they lack a purge condition, the most definitive characteristic of coercive sanctions"). Absent such a condition, these sanctions are not coercive under the law of this circuit. *See U.S. v. Ayers*, 166 F.3d 991, 997 (9th Cir. 1999) ("Civil contempt sanctions . . . are only appropriate where the contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of his prison in his own pocket.'").

The Court finds, however, that the following coercive sanctions are necessary to obtain compliance with the Court's Order:

1. All RRT grenadiers and supervisors will receive nine hours of training. At the training, representatives of the City Attorney's Office will review with the RRT grenadiers and supervisors the limitations on their use of force at protests. This review will include a review of the Court's finding of civil contempt and video evidence of the incidents discussed therein, and a review of the requirements of the Court's Order and PPB Directive 1010.[1] All RRT grenadiers will receive training every six months.

2. The Internal Affairs Division of PPB or Internal Police Review in the Office of the Auditor shall investigate the allegations of misconduct by Officer Brent Taylor from June 30, 2020. Pending the resolution of the investigation, PPB will remove Officer Taylor from policing crowd management/crowd control events.

3. PPB shall recirculate, through the learning management system, copies of the Court's Order and require that all PPB members certify that they have read and understand each. Members will be invited to ask the City Attorney's Office any questions regarding these documents.

4. The City will ensure that all sworn PPB members complete a three-hour training regarding the use of force at protests by December 31, 2021. The training will include

---

[1] This training was completed on December 4, 2020. Joint Resp. 3.

5 – OPINION & ORDER

      video, examples, and scenarios from protests this summer in Portland and around the country to assist officers in understanding how to apply Directive 1010, including consideration of the terms passive resistance, physical resistance, and active aggression.

5. No RRT grenadier shall use an FN303 or 40MM less-lethal launcher in connection with crowd control unless and until Defendant certifies to the Court the following:[2]

    A. They have demonstrated an understanding of the Court's Temporary Restraining Orders and findings of contempt in this case, including the ability to recognize and articulate a threat without speculating and before utilizing less-lethal force.

    B. They have knowledge about how many consecutive days a grenadier should be engaged in civil unrest as a grenadier before needing a break and can articulate such based on best evidence.

    C. They are aware of their responsibility under the City of Portland's rules to promptly prepare a report when they have discharged their weapon.

      The provisions of this Order applicable to RRT grenadiers will not take effect until ten days after entry of this Order. These sanctions shall remain in effect until Defendant demonstrates to the satisfaction of the Court that it will comply with the Court's Order. *See Whittaker*, 953 F.2d at 518.

///

///

///

///

///

///

///

///

///

---

[2] Certification can be accomplished by way of declaration or affidavit from the City Attorney's Office.

6 – OPINION & ORDER

**CONCLUSION**

Having previously found Defendant City of Portland in contempt, *see* Opinion & Order [204], the Court orders the above-described sanctions to obtain compliance with the Court's June 26, 2020 Stipulated Temporary Restraining Order [43]. The provisions of the Order applicable to RRT grenadiers will not take effect until ten days after entry of this Order. These sanctions shall remain in effect until Defendant City of Portland demonstrates to the Court that it will comply with the Court's Order.

IT IS SO ORDERED.

DATED:  March 16, 2021       .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge