**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Viktoria Lo**, OSB No. 175487
Email: viktoria@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241

**Juan C. Chavez**, OSB No. 136428
Email: jchavez@ojrc.info
**Brittney Plesser**, OSB No. 154030
Email: bplesser@ojrc.info
**Alex Meggitt**, OSB No. 174131
Email: ameggitt@ojrc.info
**Franz H. Bruggemeier**, OSB No. 163533
Email: Fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270

**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
**Whitney B. Stark**, OSB No. 090350
Email: whitney@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
Albies & Stark LLC
1 SW Columbia St. Suite 1850
Portland, Oregon 97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DON'T SHOOT PORTLAND, et al.<br><br>Plaintiffs<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation,<br><br>Defendant. | Case No. 3:20-cv-00917-HZ<br><br>DECLARATION OF J. ASHLEE ALBIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

I, J. Ashlee Albies, declare as follows pursuant to 28 USC § 1746:

1.  I have personal knowledge of the information contained in this declaration. If called upon to do so, I could and would competently testify regarding the matters set forth herein.

Page 1   DECLARATION OF J. ASHLEE ALBIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

2. I am a counsel for Plaintiffs in this case.

3. Attached hereto as Exhibit 27 is a true and correct copy of a PPT slide provided in discovery at BATES DON'T SHOOT_128630 and discussed in the deposition of the City of Portland, Franz Schoening, at 92:21-94:18.

4. In discovery in this case, Defendant City provided Plaintiffs with Force Data Collection Reports (FDCRs) for a limited number of nights based upon this Court's order limiting discovery. Dkt. 40. In order to expedite and organize the review of all discovery provided by the City, we had all the documents placed into a discovery review platform. Once on the platform, we coded the documents for document type. For each of the FDCRs, we also coded for the types of use of force described.

5. Based on the coding, we determined that we were given 64 FDCRs describing the use of tear gas. Those FDCRs were from May 29, 30, 31, June 1, 2, 5, 6, and 27. The vast majority of those 64 FDCRs document multiple deployments of tear gas.

6. Once all the FDCRs were coded, I downloaded all the FDCRs from June 2 that documented the use of tear gas. Attached hereto as Exhibit 28 are true and correct copies of those 12 FDCRs. Our team found at least 67 cannisters of tear gas used and documented in those FDCRs, and several officers did not state how many cannisters they deployed, including using the words "multiple" or "several."

7. Attached hereto as Exhibits 29-38 are a true and correct copy of FDCRs describing PPB use of tear gas or RBDDs.

8. From a sample of 41 FDCRs, we found 45 uses of force where the reported justification on its face is incomplete or does not meet the Graham standard. Of these, plaintiffs identified 12 incidents where OC spray was used on passive resisters, 8 incidents of unjustified impact munitions, and 25 unjustified baton strikes or pushes. Attached hereto are true and correct copies

of FDCRs from various nights: Exhibits 39-47 describe use of OC spray for people yelling at police, peacefully refusing to disperse, being pushed by police, rattling a fence, and approaching a police line or police car; Exhibits 30, 48-50 describe use of impact munitions; Exhibits 31, 52-69 describe baton shoves.

9. Attached hereto as Exhibit 70 is a true and correct copy of The United States of America's Notice of Fifth Periodic Compliance Assessment Report and Report filed in Case No. 3:12-cv-02265-SI, Dkts. 236 and 236-1 (2/10/21)("DOJ 5th Notice and Report"),.

10. Attached hereto as exhibit 71 is a true and correct copy of a letter sent from the USDOJ to Charles Lovell on May 5, 2021.

11. Attached hereto as exhibit 72 is a true and correct copy of a PowerPoint slide produced by the City of Portland to the defendants and discussed during the deposition of the City of Portland, Franz Schoening, 38:11-41:22.

12. Attached hereto as exhibit 73 is a true and correct copy of a report drafted by Commander Dobson and identified and discussed during the deposition of the City of Portland, Jami Resch Dep. 29:24-25.

13. Attached hereto as Exhibit 74 is a true and correct copy of slides for a training presentation given on July 9, 2020 by Captain Robert Simon to address findings of a use of force audit by the PPB's Office of Inspector General.

14. Attached hereto as Exhibit 75 is a true and correct copy of a document titled "IPR Protest-Related Force Cases" identified and discussed in the deposition of the City of Portland, Ross Caldwell Dep. 12:8-13:4.

15. I am an attorney licensed to practice in Oregon since 2005, and partner in a small plaintiff's-side civil rights and labor law firm in Portland, Oregon. I graduated from Lewis and Clark Law School in 2005 and was admitted to the Oregon bar that same year. During law school, I served as

a legal extern for the Center for Constitutional Rights in New York City, New York, where I worked on international human rights cases, as well as cases involving government misconduct. From November of 2005 through February of 2008, I was in solo practice, focusing on plaintiff-side litigation in the areas of employment and civil rights law in Portland, OR. From February 2008 through December of 2016, I was a litigation associate at Steenson, Schumann, Tewksbury, Creighton & Rose, PC, now Creighton & Rose, PC, in Portland, Oregon, where I litigated plaintiff-side employment and civil rights cases. In January of 2017, I started the law firm Albies & Stark LLC, where I continue to focus on plaintiff-side employment and civil rights cases.

16. My legal practice specializes in complex litigation in the areas of civil rights litigation and employment discrimination, focusing on discrimination claims based on race, sex, gender identity, disability, and other protected classes. I litigate cases regularly in both state and federal court, and at the administrative and appellate levels. Throughout my almost 17 years as an attorney, I have litigated hundreds of cases, and have handled cases from their inception to resolution, *i.e.* from initial intake through verdict, including several high profile police misconduct cases.

17. Throughout my career, I have been actively involved in the bar and community activities and have been recognized by my peers for my civil rights work. For example, I am a past-chair the Oregon State Bar's Civil Rights Section and the Portland Chapter of the National Lawyers Guild, and am currently co-chair of the Oregon Trial Lawyers civil rights section and chair-elect for the Oregon State Bar Labor and Employment Section. I am a member of the Multnomah Bar Association, Oregon Women Lawyers, the Oregon Trial Lawyers Association, the National Lawyers Guild, and Law for Black Lives. I have also served as a presenter at various continuing legal education programs on issues related to civil rights and employment law. I also make time to mentor younger lawyers, including serving as a mentor to new lawyers through the Oregon State

Bar, and by working diligently to provide opportunities to newer practitioners in OTLA. Super Lawyers identified me as a rising star from 2012 to 2014 and as a Super Lawyer from 2018 to 2022. In addition, in 2021 Jesse Merrithew and I were awarded the Oregon Trial Lawyers Association Arthur H. Bryant Public Justice award for our representation of the Hayes family in litigation against the City of Portland stemming from the police shooting of Quanice Hayes, and I was honored by the National Lawyers Guild with the Ernie E. Goodman Award.

18.   I have litigated several cases that can be considered impact litigation, which is strategic litigation intended to effect societal change. These cases include challenge to the Bush Administration's Warrantless Wiretapping program in violation of the Foreign Intelligence Surveillance Act, and a successful challenge to the United States Office of Foreign Asset Control's ("OFAC") designation of a Southern Oregon Muslim Charity as a terrorist organization in violation of the Fourth and Fifth Amendments and the Due Process Clause of the United State Constitution. I co-counseled these cases with out of state attorneys, including highly skilled attorneys from California, Washington D.C., and David Cole, then-professor with the Georgetown University Law Center, currently National Legal Director of the American Civil Liberties Union. In addition, I am currently counsel for the Albina Ministerial Alliance Coalition for Justice and Police Reform, a local organization granted enhanced-amicus status in on-going litigation between the US DOJ and the City of Portland regarding the Portland Police Bureau's use of excessive force against people in or perceived to be in mental health crisis. Throughout my career, I have devoted a significant amount of my practice to litigating complex and challenging civil rights cases, and police misconduct in particular. There are relatively few attorneys in Oregon who take on civil rights cases.

19.   My law firm, including my partner, Whitney Stark, has extensive experience in litigating complex class action cases, including employment and consumer cases.  Albies & Stark has been

appointed class counsel in *Messner v. Cambridge Real Estate Services, Inc.*, et al., Multnomah County Case No. Case No.: 19CV28815 and *Torres v. National Payment Systems*, OR LLC., et al., Multnomah County Case No. Case No.: 19CV28815.  In addition, Whitney Stark (while working at different law firms) has been appointed class counsel including the following representative cases (among others): *De La Torre v. CashCall, Inc.*, (also referred to as *Kemply v. CashCall, Inc.* or *O'Donovan v. CashCall, Inc.*), Case No. 08-cv-03174 (N.D. Cal.); *Guifu Li v. A Perfect Day Franchise*, Case No. 5:10-cv-01189, 2011 U.S. Dist. Lexis 114821 (N.D. Cal. Oct. 5, 2011); *Lazarin v. Pro Unlimited, Inc.*, Case No.C11-03609, 2013 U.S. Dist. Lexis 97213 (N.D. Cal. 2013);  *Booth v. Appstack*, Case No. C13-1533JLR, 2015 U.S. Dist. Lexis 40779 (W.D. Wa. Mar. 29, 2015).

Executed on January 18, 2022.

/J. Ashlee Albies
J. Ashlee Albies
Albies & Stark LLC
Counsel for Plaintiffs