IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DON'T SHOOT PORTLAND, a nonprofit corporation, in its individual capacity; NICHOLAS J. ROBERTS, in an individual capacity and on behalf of themselves and all others similarly situated; MICHELLE "MISHA" BELDEN, in an individual capacity and on behalf of themselves and all others similarly situated; and ALEXANDRA JOHNSON, in an individual capacity and on behalf of themselves and all others similarly situated, | No. 3:20-cv-00917-HZ<br><br>SECOND AMENDED ORDER |
|           Plaintiffs,<br>    v.<br><br>CITY OF PORTLAND and MULTNOMAH COUNTY,<br><br>          Defendants. | |

HERNÁNDEZ, District Judge:

Based on the Court's previous Opinions & Orders [204][220] and the parties' Stipulated Amendment to Order on Sanctions [228], the Court finds that the following coercive sanctions are necessary to obtain compliance with the Court's June 26, 2020 Stipulated Temporary

Restraining Order [43] and amends its Opinion & Order [220] detailing coercive sanctions as follows:

1. All RRT grenadiers and supervisors will receive nine hours of training. At the training, representatives of the City Attorney's Office will review with the RRT grenadiers and supervisors the limitations on their use of force at protests. This review will include a review of the Court's finding of civil contempt and video evidence of the incidents discussed therein, and a review of the requirements of the Court's Order and PPB Directive 1010.[1] If at any time the City reconstitutes the Portland Police Bureau RRT or any other specialty team or unit designated for response to public order events, the City will ensure that all individuals within the team or unit who are authorized to utilize impact munitions receive updated training upon reconstitution of the team or unit and every six months thereafter.

2. The Internal Affairs Division of PPB or Internal Police Review in the Office of the Auditor shall investigate the allegations of misconduct by Officer Brent Taylor from June 30, 2020. Pending the resolution of the investigation, PPB will remove Officer Taylor from policing crowd management/crowd control events.

3. PPB shall recirculate, through the learning management system, copies of the Court's Order and require that all PPB members certify that they have read and understand each. Members will be invited to ask the City Attorney's Office any questions regarding these documents.

4. The City will ensure that all sworn PPB members complete a three-hour training regarding the use of force at protests by December 31, 2021. The training will include video, examples, and scenarios from protests this summer in Portland and around the country to assist officers in understanding how to apply Directive 1010, including consideration of the terms passive resistance, physical resistance, and active aggression.

5. No PPB member shall use an FN303 or 40MM less-lethal launcher in connection with crowd control unless and until Defendant certifies to the Court the following:[2]

    A. They have demonstrated an understanding of the Court's Temporary Restraining Orders and findings of contempt in this case, including the ability to recognize and articulate a threat without speculating and before utilizing less-lethal force.

    B. They have knowledge about how many consecutive days a grenadier should be engaged in civil unrest as a grenadier before needing a break and can articulate such based on best evidence.

---

[1] This training was completed on December 4, 2020. Joint Resp. 3.
[2] Certification can be accomplished by way of declaration or affidavit from the City Attorney's Office.

2 – ORDER

    C. They are aware of their responsibility under the City of Portland's rules to promptly prepare a report when they have discharged their weapon.

Paragraph 5 of this Order will not take effect until ten days after entry of this Order. These sanctions shall remain in effect until Defendant demonstrates to the satisfaction of the Court that it will comply with the Court's Order.

## CONCLUSION

Having previously ordered sanctions against Defendant City of Portland for contempt, *see* Opinion & Order [204] [220], and having received the parties' Stipulated Amendment to Order on Sanctions [228], the Court orders the above-described sanctions to obtain compliance with the Court's June 26, 2020 Stipulated Temporary Restraining Order [43]. Paragraph 5 of the Order will not take effect until ten days after entry of this Order. These sanctions shall remain in effect until Defendant City of Portland demonstrates to the Court that it will comply with the Court's Order.

IT IS SO ORDERED.

DATED: June 16, 2022.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER