**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Viktoria Lo**, OSB No. 175487
Email: viktoria@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241

**Juan C. Chavez**, OSB No. 136428
Email: jchavez@ojrc.info
**Brittney Plesser**, OSB No. 154030
Email: bplesser@ojrc.info
**Alex Meggitt**, OSB No. 174131
Email: ameggitt@ojrc.info
**Franz H. Bruggemeier**, OSB No. 163533
Email: fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270

**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
**Whitney B. Stark**, OSB No. 090350
Email: whitney@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
Albies & Stark LLC
1 SW Columbia St. Suite 1850
Portland, Oregon 97204
Telephone: (503) 308-4770

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DON'T SHOOT PORTLAND, et al.**, <br><br> Plaintiffs, <br><br> vs. <br><br> **CITY OF PORTLAND**, <br><br> Defendant. | Case No. 3:20-cv-00917-HZ <br><br> **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 54-3(e) because it contains 2998 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

**MOTION**

Plaintiffs are entitled to an award of fees and costs under Rule 68 and 42 U.S.C. § 1988 as prevailing party. *See Holland v. Roeser*, 37 F.3d 501, 502-503 (9th Cir. 1994) (explaining interaction between Rule 68 and § 1988). The attorney fees are determined using the lodestar method, which can be adjusted in exceptional circumstances. *Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010). Costs include all those expenses that "are normally charged to a fee-paying client." *Woods v. Carey*, 722 F.3d 1177, 1197 n.1 (9th Cir. 2013) *quoting Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Accordingly, Plaintiffs move for an award of fees and costs:

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 2
(Case No. 3:20-cv-00917-HZ)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

| Timekeeper | Rate | Hours | Total |
|---|---|---|---|
| *Albies, Stark & Guerriero* | | | |
| J. Ashlee Albies | $560 | 595.3 | $333,368.00 |
| Whitney Stark | $560 | 17.8 | $9,968.00 |
| Maya Rinta | $350 | 146.5 | $51,275.00 |
| *Levi Merrithew Horst* | | | |
| Jesse Merrithew | $550 | 352.4 | $193,820.00 |
| Viktoria Lo | $375 | 198.5 | $74,437.50 |
| Sarah Noble | $150 | 31.1 | $4,665.00 |
| *Oregon Justice Resource Center* | | | |
| Juan Chavez | $480 | 205.3 | $98,544.00 |
| Alex Meggitt | $375/$150 | 135/2.5 | $51,562.50 |
| Franz Bruggemeier | $385/$150 | 622.5/1.4 | $240,221.50 |
| **TOTAL FEES** | | | **$1,057,861.50** |
| **TOTAL COSTS** | | | **$259,886.20** |
| **TOTAL FEES + COSTS** | | | **$1,317,747.70** |

*See* Declaration of J. Ashlee Albies, Exs. 1, 3-12, Jesse Merrithew, Exs. 3-4, and Brad Samuels, Ex.1 (itemization of hours worked and reasonable costs incurred).

This motion is supported by the declarations filed concurrently with this motion and by the below memorandum of law.

## MEMORANDUM

### I.   Prevailing Party Status

Plaintiffs are the prevailing party under 42 U.S.C. § 1988 for several reasons. In general, a plaintiff must prevail on the merits of at least some of their claims. *Hanrahan v. Hampton*, 446 U.S. 754, 756-7 (1980). Where plaintiffs obtain a preliminary injunction, they prevail on the merits of at least some of their claims, even if the injunction later becomes moot by voluntary cessation of the unconstitutional conduct. *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir. 1980). Obtaining a judgment, including a judgment using the Rule 68 procedure, is itself sufficient to obtain prevailing party status. *See Barbour v. City of White Plains*, 788 F.Supp.2d 216, 221 (SDNY 2011). Plaintiffs here achieved a temporary restraining order, two

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 3
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

preliminary injunctions, a finding of contempt for violating one of those injunctions, a judgment entitling them to money damages, and an enforceable injunction. Plaintiffs are the prevailing party under § 1988.

**II.    Attorney Fees**

To determine the appropriate fee under § 1988, the Court first determines the lodestar figure, by attempting to roughly approximate "the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). The "lodestar method yields a fee that is presumptively sufficient" to achieve section 1988's objective. *Id*. at 552; *Gonzales v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). However, it can be enhanced in exceptional circumstances. *Id*. In the Ninth Circuit, those factors are laid out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). If any of the *Kerr* factors are present and not adequately accounted for using the lodestar method, then the Court has discretion to enhance the lodestar fee to come up with a reasonable fee which achieves the objectives of § 1988. *Gonzales*, 729 F.3d at 1209 n.11.

A.    <u>Reasonable Rates</u>

In determining the reasonable hourly rate for attorneys and paralegals, the Court looks to the "prevailing market rates in the relevant community," taking into account "the experience, skill, and reputation" of those professionals. *Gonzales*, 729 F.3d at 1205-06. Here, the hourly rates are consistent with Portland market rates. Declaration of Anna Sortun ¶10. The hourly rate must also take into consideration "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 4
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). In the District of Oregon, the district court uses the Oregon State Bar Economic Survey "as an initial benchmark" for determining the reasonableness of an hourly rate. *Roberts v. Interstate Ditrib. Co.*, 242 F.Supp.2d 850, 857 (D. Or. 2002); *Brown v. Cascade Mgmt.*, 2018 U.S. Dist. LEXIS 150091, at *19-20 (D. Or. 2018). That survey provides a starting point, as it only reports the range of rates charged based upon years of experience, not how the lawyer has used their years of experience (trying complex cases versus reviewing contracts, for example), the skill or reputation of the lawyers, the novelty and difficulty of the issues, or whether the fee is fixed or contingent. All these factors must also be considered by the Court in setting rates.

The most recent OSB Economic Survey is based on data from 2016. Albies decl. Ex. 2. Inflationary pressures and a dramatically improved labor market for lawyers in Oregon have increased hourly rates for lawyers significantly since 2016. With inflation, the U.S. Bureau of Labor Statistics CPI inflation calculator (available at https://www.bls.gov/data/inflation_calculator.htm) calculates $350 in December 2016 has the same buying power as $430.26 in December 2022. That does not account for factors specific to the market for attorneys generally, nor any of the other factors the Court must consider in setting a reasonable rate. The rates sought by Plaintiffs' counsel in this case are consistent with the bar survey, taking into account inflation.

The declarations submitted in support of this motion prove that this case was particularly complex and of great public import, and they also establish the experience, high skill level and well-regarded reputation of the lawyers involved. *See* Declarations of Anna Sortun ¶8; Dave Park ¶¶11, 13-14; Nadia Dahab ¶¶14-17; Albies ¶¶2-30; Merrithew ¶¶2-20

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 5
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

and Exs. 1-2, Juan Chavez ¶¶3-20; Maya Rinta ¶¶2-14; Alex Megitt ¶¶ 2-10; Vika Lo ¶¶2-14; Franz Bruggemeier ¶¶2-15. The lawyers hope their skill in litigating this large and important case was adequately demonstrated to the Court. Plaintiffs also believe the results speak for themselves, given they convinced a federal court to place limitations on the use of local police power during a time of great stress and social upheaval, and ultimately obtaining significant financial compensation for their clients and permanent change to a major U.S. city's approach to policing protests.

Plaintiffs achieved these remarkable results on a contingent fee agreement with a significant outlay of funds. *See* Albies decl., Ex. 3, Merrithew decl., Ex 4. The contingent nature of the fee is important because the purpose of § 1988 is to entice competent lawyers to take civil rights cases. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The bar survey merely reflects what lawyers actually get paid by fee-paying clients; there is no risk involved that the lawyer will not get paid. If Congress's purpose is to be fulfilled, the hourly rate awarded must be significantly higher for any given lawyer to justify the risk of not getting paid at all and the certainty that, if you get paid, it will only be after 2-5 years of litigation. In other words, a lawyer with significant experience, a strong reputation, and marketable skill set will have no trouble attracting paying clients. In purely economic terms, the hourly rate required to entice that same lawyer to take a risky contingent fee case must be significantly higher than the rate the fee-paying clients are paying. This is particularly true in a challenging civil rights case such as this where the outcome was far from certain at the outset of the case. Albies decl. ¶12.

Further, as explained in greater detail below, counsel took this case on at an incredibly difficult time in June of 2020. Schools, public and private spaces were still closed, and the

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 6
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

economy was being held together only through a massive injection of government spending. While timing is not specifically included to consider in setting rates, it is explicitly something the Court can and should consider in ensuring the fee award is reasonable under *Kerr*.

For each of the lawyers involved in this case, Plaintiffs' requested rates fall between the 75th and 95th percentiles based upon OSB Economic Survey, adjusted for inflation, and are consistent with Portland market rates. Rates between the 75th and 95th percentiles are justified by the other factors the Court is required to consider under *Moreno* and *Gonzales*: the skill, reputation, and experience of the lawyers, the difficulty and novelty of the issues involved, and the fact that the fee was contingent.

### B. Compensable Hours

In determining how many hours should be counted by the Court in determining the lodestar figure, the Court must consider "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno*, 534 F.3d 1106, 1111. In deciding whether the lawyers' time was reasonably expended, the Court should largely defer to the lawyer's judgment.

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Id*. at 1112. In determining reasonable hours, the Court should also keep in mind that only unnecessarily duplicative work should be cut. *Id*. at 1113. Duplication is often necessary in litigation and a lawyer is entitled to be paid for necessary work. Here, the many strategy

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 7
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

sessions involving all counsel were necessary to achieve the goals of the litigation. Albies decl. ¶¶29-30; Merrithew decl., ¶¶15-16.

The other rule the Court should be mindful of in assessing the reasonableness of the hours expended is the Ninth Circuit's admonition that "the district court may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno*, 534 F.3d at 1114. The goal of § 1988 is to sufficiently compensate attorneys "in order to attract qualified attorneys to do civil rights work." *Id*. at 1115. This case arose out of an emergent situation requiring counsel to act quickly with what they had available. Merrithew decl. ¶13-14; Albies decl. ¶¶12, 23; Park decl. ¶14. There was no large law firm with armies of associates and paralegals and their top-down structure that was willing or able to file a complaint and motion for TRO on June 5, 2020, within days of protests starting and the city enveloped in tear gas. Albies decl. ¶15. The Court is to determine whether the hours expended by the lawyers who handled the case were reasonably expended, not whether some theoretical firm that did not handle the case would have staffed it differently.

Ms. Albies and Mr. Merrithew were the most senior lawyers willing to take the case. They were mid-career civil rights lawyers with full caseloads and the responsibility of running small law firms and keeping their employees paid through the disruption of the pandemic, while parenting young children while schools remained closed. Albies decl. ¶¶12, 23; Merrithew decl. ¶13. Mr. Chavez already had primary responsibility within his organization for litigating the *Maney* case, a class action attempting to protect prisoners of Oregon's Department of Corrections from COVID at a time when prisoners were getting sick and dying. Chavez decl. ¶9. As a result, there was a need to delegate a lot of tasks to less experienced lawyers, who

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 8
(Case No. 3:20-cv-00917-HZ)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

needed significant guidance and supervision given the complex and evolving nature of the case. Merrithew decl. ¶15; Chavez decl. ¶21. The legal team accomplished these goals by employing frequent strategic meetings where updates on the ground developments could be shared, strategy to protect protesters discussed, summaries of the contents of discovery could be shared, and tasks assigned and tracked. Merrithew decl. ¶15; Albies decl. ¶¶29-30.

On the other hand, sometimes the tasks were so large, such as review of tens of thousands of pages of paper discovery, that the junior attorneys on the team simply could not complete the task on their own, and more senior attorneys had to jump in to assist and ensure the tasks were completed in a timely manner. Merrithew decl. ¶¶15, 20; Albies decl. ¶¶29-30.

As time went on, several more lawsuits seeking injunctive relief were filed in state and federal court. Albies decl. ¶24. Counsel in this case was obligated to both track what was happening with those cases and engage in confidential discussions with the lawyers in those cases to ensure that none of those lawsuits were moving at cross-purposes to our lawsuit. *Id*. This is consistent with the practices of other counsel litigating these cases. Park decl. ¶7.

None of this was optional. But it was the necessary response to fast-moving, sprawling litigation in response to widespread abuse of civil rights on the streets of Portland.

Plaintiffs expect Defendant may argue they should not be compensated for any time spent preparing the motion for class certification because that motion was eventually denied by the Court. If so, Plaintiffs disagree. As the Court is well aware, Plaintiffs' theory for class certification was identical to their theory for *Monell* liability. *See* Opinion and Order, Dkt. No. 300. The work to prepare for class certification was entirely subsumed within the necessary work to establish liability. Merrithew decl. ¶28. This is demonstrated by the fact that, following

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 9
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

the denial of class certification, the Court allowed somewhat broader discovery than it did during class discovery. Plaintiffs' motion for class certification and the accompanying evidence that went along with it would ultimately be used in their response to the Defendant's inevitable motion for summary judgment. Albies decl. ¶25; Merrithew decl. ¶28. Class and liability were inextricably related, and as a result, and it is impossible to truly distinguish this work from the general work required in the case and it is all compensable. *See Hensley*, 461 U.S. at 435.

    C.    Application of *Kerr* Factors

In 2010, the Supreme Court once again reaffirmed that district courts should consider adjustments to the lodestar figure in civil rights cases when the lodestar figure is insufficient to achieve Congress's purpose under § 1988. *Perdue*, 559 U.S. at 553-54. The Court cautioned that district courts should only enhance the fee where some factor was present that was not already adequately considered in setting either rates or hours. *Id*. at 554. In doing so, the Court affirmed the rule that had already existed in the Ninth Circuit for several decades. *See, e.g., Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).

While Plaintiffs believe the loadstar sought here is appropriate, three factors present in this case justify an enhancement to the lodestar should the Court be tempted to reduce the proposed lodestar figure by the Plaintiffs. First, "the skill requisite to perform the legal service properly," second, "the preclusion of other employment by the attorney due to the acceptance of the case," and third, the "time limitations imposed by the client or the circumstances." *Kerr*, 526 F.2d at 70.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 10
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

The skills of the involved attorneys requisite to achieve the results in this case are set out in the declarations of Park ¶¶11, 13-14; Dahab ¶¶14-17; Albies ¶¶2-30; Merrithew ¶¶2-20 and Exs. 1-2; and Chavez ¶¶3-20

The two private firms involved in this case devoted an enormous amount of time to the case, particularly at the outset of the case. This prevented the lawyers from those firms from taking other cases, cases with less risk and shorter time periods to get paid. Merrithew decl. ¶30; Albies decl.¶19.

The initial primary goal of this litigation was to respond to an emergent and extraordinary situation occurred in parallel between litigation and on the streets outside the courthouse. The circumstances demanded that counsel drop everything and work on this case. *Id*. Further, the case was of significant public importance. *See* Declarations of Teressa Raiford (Executive Director, Don't Shoot Portland), ¶¶5-7 (lawsuit as an important response to protect people's rights to protest and to curb police violence), Jo Ann Hardesty (Community advocate, former City Commissioner), ¶¶ 4 (important to shine light on the Bureau's practices and to hold the City accountable), and Sandy Chung (Executive Director, ACLU of Oregon), ¶¶4-7 (important instance of public interest litigation in a moment of significant public advocacy against police violence).

Application of an enhancement is appropriate where the lodestar figure fails to achieve the purposes of §1988. That purpose is outward and forward looking. Fee awards are intended to encourage the next lawyer to take on a similar case in similar circumstances. In order to expect that the next law firm is willing to drop everything and devote significant resources to an emergent situation, a significant fee award is required.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 11
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

To be clear, Plaintiffs request the Court award fees based on Plaintiffs' lodestar figures. Those fees are sufficient to achieve the purposes of § 1988 without being excessive. However, if the Court concludes that any aspect of Plaintiffs' lodestar calculation is not reasonable, then it should apply an enhancement to ensure that these purposes are still met.

### III. Costs

Under § 1988, costs include all those expenses that "are normally charged to a fee paying client." *Woods v. Carey*, 722 F.3d 1177, 1197 n.1 (9th Cir. 2013) *quoting Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Aside from routine filing and copying expenses, Plaintiffs have four broad categories of significant costs: investigation, discovery management, exhibit preparation, and depositions. All of these costs are supported by the declarations of counsel with original invoices or other appropriate documentation. Albies decl.¶ 21, Ex. 3; Merrithew decl.¶¶22-27, 31-34, Ex. 3-4; Samuels decl.¶¶1-7, Ex.1. They are all costs that would be charged to a fee-paying client in a similar case, *see* Sortun decl. ¶11 and therefore are recoverable under §1988.

**DATED** this 3rd day of February, 2023.

By: *s/Jesse Merrithew*
**Jesse Merrithew**, OSB No. 074564
**Of Attorneys for Plaintiffs**

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS - 12
(Case No. 3:20-cv-00917-HZ)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092