**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Viktoria Lo**, OSB No. 175487
Email: viktoria@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241

**Juan C. Chavez**, OSB No. 136428
Email: jchavez@ojrc.info
**Alex Meggitt**, OSB No. 174131
Email: ameggitt@ojrc.info
**Franz H. Bruggemeier**, OSB No. 163533
Email: Fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270

**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
**Whitney B. Stark**, OSB No. 090350
Email: whitney@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
Albies, Stark & Guerriero LLC
1 SW Columbia St. Suite 1850
Portland, Oregon 97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DON'T SHOOT PORTLAND, et al.<br><br>Plaintiffs<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation, | Case No. 3:20-cv-00917-HZ<br><br>DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS |

Page 1 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

Defendant.

I, Franz Bruggemeier, declare as follows:

1. I am one of the attorneys representing the plaintiffs in the above-captioned case.

2. I have been licensed to practice law in Oregon since 2016. I am a member in good standing of the Oregon State Bar and the U.S. District Court for the District of Oregon.

3. I graduated from the University of Oregon School of Law in 2016. During law school, I gained experience through internships, volunteer work, and work as a Certified Law Student. In the summer after my 1L year and during my 2L year, I was a law clerk at the Civil Liberties Defense Center in Eugene, Oregon, where my work primarily involved assisting on police misconduct and other civil rights cases by providing legal research and writing and other case assistance. During my second and third years of law school, I was a teacher's assistant and tutor for the Legal Research and Writing program. During that same time, I also assisted two solo attorneys with their federal court trials of civil rights cases. In the summer after my 2L year, I interned full time at the Oregon Supreme Court for Chief Justice Balmer and Justice Landau, where I evaluated and wrote recommendation memoranda on petitions for review and assisted in drafting and editing opinions. I spent the Fall semester of my 3L year as a full-time intern for Judge McShane of the United States District Court for the District of Oregon, Eugene Division. During the Spring semester of my 3L year, I represented tenant clients in housing proceedings through my participation in the UO Law Civil Clinic at Lane County Legal Aid.

4. As a law student, I was also actively involved in student groups and programs. I co-chaired for three years the UO Law chapter of the National Lawyers Guild and for two years the Public Interest Public Service group, organizing student and community events. I was a fellow of the Wayne Morse Program for one year and was a fellow of the Public Law

Page 2 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

and Policy Program for two years.

5.	After graduating in 2016, I spent a year and a half as a law clerk of Chief Judge James Egan of the Oregon Court of Appeals. As a clerk, I drafted opinions for the court for civil and criminal appeals and otherwise assisted the court and Judge Egan.

6.	I next spent a year and a half as a Staff Attorney at Youth, Rights & Justice (YRJ), in Portland, Oregon. With YRJ, I represented clients in delinquency and dependency cases, both at the trial and appellate levels. As a trial attorney, I represented clients in court, appearing for clients in multiple court hearings per day on most days. I represented clients throughout the full range of their delinquency and dependency cases, from initial hearings, to drafting and arguing motions, and completing two dependency trials. As an appellate attorney, I wrote several briefs to the Oregon Court of Appeals for delinquency and dependency clients.

7.	In 2019, I was hired by the Oregon Justice Resource Center's (OJRC) Civil Rights Project (CRP). The CRP represents clients in state and federal courts, primarily bringing 42 U.S.C. § 1983 claims in police misconduct/excessive force, including many against the City of Portland, prisoner rights, and cases related to the rights of people who are unhoused. With supervision, I have gained relevant experience in use of force cases and in bringing 42 U.S.C. § 1983 claims. Over the past four years, I have led or played a substantial role in nearly 50 civil rights cases, including claims against officers and municipalities for violations of the First, Fourth, Eighth, and Fourteenth Amendments. In 2022, I tried two prisoner civil rights cases to a jury verdict, including one case co-chaired with Alex Meggitt, and co-chaired one police excessive force case to verdict with Juan C. Chavez.

8.	OJRC lawyers have also been appointed provisional class counsel in the Eighth Amendment case *Maney, et. al. v. Brown, et. al.*, 6:20-cv-00570-SB (D. Or. 2020). In that case,

Page 3 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

plaintiffs successfully argued a temporary restraining order regarding a complicated matter of federal civil rights law and received an injunction on behalf of a class of approximately 13,000 incarcerated class members ordering ODOC to immediately provide COVID-19 vaccinations to all people in the custody of ODOC who wanted them, which was approximately 75%. I have been certified as class counsel in that case where we represent a damages class of nearly 6,000 people who contracted COVID-19 while in the custody of the Oregon Department of Corrections. We also represent a damages class of the estates of approximately 40 people who died with COVID-19 while in ODOC custody. Alex Meggitt and Juan Chavez are also class counsel on that case.

9. Since being licensed as an attorney, I have been active in the legal community. I am a Member of the Executive Board of the Civil Rights Section of the Oregon State Bar. I attend many CLEs specifically focused on civil rights litigation of police and prison misconduct. I have spoken to law school student groups and on panels for law school students about civil rights practice and have served as an unofficial mentor to students who seek to pursue a career in civil rights litigation. Along with Juan Chavez, I coach a team of students at Franklin High School for the "We the People" competition.

10. I am part of the OJRC Amicus Committee that provides amicus briefs to the Oregon Supreme Court and Court of Appeals. In that capacity, I have written or co-written three amicus briefs for the Oregon Supreme Court.

11. In addition, I am currently counsel for the amicus group Mental Health Alliance in the long-standing federal case *U.S. v. City of Portland*, 3:12-cv-02265-SI (D. Or. 2012), regarding the Portland Police Bureau's use of excessive force against people in or perceived to be in mental health crisis. In that case, I have become deeply familiarized with issues

Page 4 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

concerning policing in the City of Portland.

12. I agreed to help the plaintiffs in this case both because the aftermath of the murder of George Floyd by Minneapolis police officers galvanized a growing public reevaluation of the function of policing in the United States, and because my years as a legal observer gave me familiarity with the Portland Police's routine unconstitutional use of force against left-wing and anti-fascist protesters. I was also eager to work with Don't Shoot Portland, an organization whose work I had followed and admired for several years, and with the other attorneys on the team. It was clear from the first meeting we had with the entire legal team that this case would be a huge effort that required the coordination of a sizeable legal team.

13. Attached to the declaration of J. Ashlee Albies as Exhibit 1 includes a true and correct copy of my billable hours from this case beginning on June 3, 2020. I have reviewed the records contained in Exhibit 1 and it accurately reflects the hours and work that I performed in this case. I recorded my time for work done on this case contemporaneously with doing the actual work.

14. My standard hourly rate for billable hours during this litigation was $385.00, as set by the organization.

15. I am familiar with the law regarding reasonable rates in the Ninth Circuit generally and the District of Oregon specifically. My claimed rate here is within the range of rates charged by lawyers with the same number of years of experience Oregon State Bar's 2017 Economic Survey. While the Survey lacks specificity regarding the civil rights practice area involved here, nonetheless, the guidelines gleaned from the survey for 2016 hourly billing rates show the 75th and 95th percentiles for attorneys in private practice in Portland with 4-6 years of experience is $300/hour and $350/hour, and the 75th and 95th percentiles for attorneys

Page 5 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

representing for attorneys representing individuals in civil litigation (excluding personal injury matters) is $300/hour and $500/hour. When adjusting the 2016 Survey rates for inflation using the Bureau of Labor Statistics CPO Inflation calculator, the 75th and 95th percentile hourly rates for attorneys in private practice in Portland with 4-6 years of experience are $368 and $430.[1]

16. Since 2020, I have spent well over 700 hours on this case. I am requesting attorney's fees for 666.6 of those hours. I understood J. Ashlee Albies, Jesse Merrithew, and Juan C. Chavez to be the lead attorneys on this case, and that I was an associate who specialized in reviewing factual incidents, reports, and media; identifying and contacting potential clients; and engaging with clients. In this case, I was lead counsel on the Plaintiffs' successful Motion for Contempt related to the City's violation of this Court's preliminary injunction order. My other tasks included contacting and interviewing witnesses, drafting declarations, reviewing discovery provided by the City, locating media and other documentation of the protests, drafting sections and editing drafts of documents, and performing legal research on discrete issues requested by the lead attorneys. The case involved complicated legal issues related to thousands of uses of force by Portland Police and thousands of potential witnesses, and we received large volumes of discovery from the City related to the protests. Based on the above, I reduced my time by approximately 30 hours to account for time spent observing depositions that I did not take or defend. Although observing these depositions helped with later tasks such as drafting Plaintiffs' declarations or fact sections in briefing, I am not claiming attorney fees on these sections to avoid duplicative billing for time I was not the

---

[1] The 2017 Bar survey was conducted from August to October of 2017, but the survey requested information from 2016. *See* Ex. B, pp. 38- 43 (reflecting hourly rates for the year 2016). As such, our inflation calculations use the time inputs of December 2016 to December 2022.

Page 6 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

lead attorney or otherwise actively participating in the deposition.

17. I have also not requested fees for the hundreds of emails that I read from defense counsel and others about this case to which I did not respond but that I read to be able to stay aware of all of the things happening in the case. Similarly, I have not included billing hours for the hundreds of docket entry documents that I read to stay fully informed of what was happening legally, procedurally, and factually in this case if I did not read them to then accomplish a particular task.

18. The attorneys at OJRC had internal meetings to determine tasks or divide work. I did bill for these meetings because they were necessary each of us to participate in to complete the required tasks.

19. I have also not requested fees for the nearly 2,000 messages that I posted to the legal team communication platform and the over 10,000 messages that I read on that platform. The vast majority of the posts that I wrote and read were directly related to discussing the decisions that we had to make and accomplishing case tasks or reporting the work that I and other team members were doing so that the whole litigation team could stay up to date and aware of all of the information being learned, the tasks being done.

20. In addition to providing factual information to the team to use in support of the lawsuit, my discussions with witnesses were used to evaluate whether the person would be a suitable additional plaintiff; whether the person would be a suitable witness for trial, declaration, or hearing; and whether the person's experience could form a basis to support a contempt finding.

21. My time spent reviewing media for incidents served similar and additional purposes. I reviewed media and social media on a nearly daily basis to track both individual

Page 7 -- DECLARATION OF FRANZ BRUGGEMEIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS

factual instances and police tactics. During the protests, we would receive calls and emails daily about incidents that happened in days prior from people who wanted legal representation. I would review and analyze media to be aware of those incidents to determine if the person was a suitable plaintiff or witness and respond to them accordingly. Additionally, my review of media served the purpose of monitoring PPB compliance with the Court's orders and to determine if PPB was using new tactics that violated peoples' rights that our clients would want to address in the lawsuit to achieve our clients' goals of protecting protesters from unlawful police force.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  **DATED** this 3rd day of February, 2023.

           By: s/ Franz Bruggemeier
           **Franz Bruggemeier**, OSB No. 163533
           Of Attorneys for Plaintiffs